IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE T. GAMBLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-246-LPS |
| | : | |
| WILMINGTON POLICE, et al., | : | |
| | : | |
| Defendants. | : | |

Wayne T. Gamble, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

August 2, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff Wayne T. Gamble ("Plaintiff") filed this action on March 9, 2017. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) He asserts jurisdiction by reason of a United States government defendant. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

II. BACKGROUND

Named as defendants are the Wilmington Police Department ("Police Department"), W.S.F.S. Bank ("WSFS"), and Citizen's Bank ("Citizen's"). Plaintiff alleges that the Police Department failed to put in his warrant when WSFS stole money from Plaintiff's bank account. The Complaint alleges this occurred in 2012 and is ongoing. Plaintiff alleges that the United States federal court knows about it and that federal agents have witnessed the whole thing. He also alleges that the Police Department broke the law and the F.B.I. sits there and watches. Plaintiff alleges that he is homeless and that someone is trying to kill him. He seeks $899,000,000,000 and property.

III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is

1

liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306,

315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Complaint asserts jurisdiction by reason of a federal official or agency, but Plaintiff does not name a federal official or an agency as a defendant. He does, however, attempt to raise a claim against a municipal defendant. Regardless, to the extent Plaintiff intended to raise claims under 42 U.S.C. § 1983, the claims fail. Neither WSFS nor Citizen's are State Actors as is required under § 1983. *See West v. Atkins*, 487 U.S.42, 48 (1988) (when bringing § 1983 claim, plaintiff must allege that some person has deprived him of a federal right and person who caused the deprivation acted under color of state law).

In addition, the Complaint does not contain allegations that rise to the level of a § 1983 claim against the Police Department. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Id.* (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged, and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). The Complaint contains no such allegations.

Also, any potential § 1983 claims are time-barred as they are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Carr v. Dewey Beach*, 730 F. Supp. 591 (D. Del. 1990). The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Plaintiff complains of acts occurring in 2012, but he did not file his Complaint until 2017. Hence, it is evident from the face of the Complaint that his claims are barred by the two-year limitations period.

4

Finally, the allegations in the Complaint are both legally and factually frivolous. As pled, there is no legal basis for Plaintiff's claims. Indeed, the allegations are conclusory, and the Court's experience and common sense lead it to recognize that the Complaint does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order follows.